**ACKERLEY COMMUNICATIONS OF MASSACHUSETTS, INC.,**
Plaintiff,

v.

**CITY OF CAMBRIDGE and Robert Borsani, as He is Acting Commissioner of Public Services in the City of Cambridge, Defendants.**

Civ. A. No. 95–11205–EFH.

United States District Court,
D. Massachusetts.

Nov. 1, 1995.

tions of the expert witness, Michael P. Massie, need not be addressed.

George A. Berman, Steven S. Broadley, Joseph S. Berman, Posternak, Blankstein & Lund, Boston, MA, for Plaintiff Ackerley Communications of Massachusetts, Inc.

Peter L. Koff, Davis, Malm & D'Agostine, P.C., Boston, MA, Arthur J. Goldberg, Cambridge, MA, for Defendants City of Cambridge, Ralph P. Dunphy.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

This matter is before the Court on a motion by the plaintiff seeking a preliminary injunction. The Plaintiff is Ackerley Communications of Massachusetts, Inc., a corporation which has been engaged in outdoor advertising in Massachusetts for more than one hundred years. The Defendants are the City of Cambridge and the City's Acting Commissioner of Public Services, Robert Borsani. The plaintiff is moving to preliminarily enjoin the defendants from enforcing Section 7.18.1 of Article 7.000, an amendment to the Zoning Ordinances of the City of Cambridge, entitled "Signs and Illuminations" and enacted on June 10, 1991. Section 7.18.1, which governs the removal of signs which do not conform to the Zoning Ordinances, requires the plaintiff to remove forty-six non-conforming signs in Cambridge which display exclusively non-commercial messages on off-site locations. These off-site signs are used to convey messages relating to various civic, social and political activities and campaigns ranging from AIDS prevention to promotion of the Girl Scouts.

Plaintiff contends that Section 7.18.1 of the Zoning Ordinances is violative of the First Amendment to the United States Constitution for the reason that it discriminates against non-commercial speech.

Article 7.000 of the Zoning Ordinances of the City of Cambridge is designed to improve the aesthetic environment within Cambridge through the enforcement of sign regulations.

Specifically, the plaintiff has challenged Section 7.18.1 which requires four categories of non-conforming signs to be removed: (1) rooftop signs; (2) free-standing signs larger than 30 square feet; (3) wall signs larger than 60 square feet; and (4) projecting signs larger than 10 square feet. Unlike many ordinances, the Cambridge Ordinances do not expressly provide "grandfather" protection to existing non-conforming signs. However, the effect of Section 7.18.1, read in conjunction with the State's zoning statutes, is to provide "grandfather" protection to non-conforming on-site signs while requiring non-conforming off-site signs to be removed.

■ Mass.Gen.L. ch. 40A, § 6, mandates "grandfather" protection to all non-conforming signs in existence when an ordinance is enacted. The statute, however, carves out an exception and denies "grandfather" protection to signs and billboards which are subject to the jurisdiction of the Outdoor Advertising Board. Off-site signs, in accordance with Mass.Gen.L. ch. 93, § 29, are subject to the jurisdiction of the Outdoor Advertising Board. On-site signs, however, are exempt from regulation by the Outdoor Advertising Board by virtue of Mass.Gen.L. ch. 93, § 30. The ultimate result of this statutory scheme is to grant "grandfather" protection to non-conforming on-site signs while requiring non-conforming off-site signs to be removed. The plaintiff claims that this makes Section 7.18.1 in effect a "content-based" regulation which discriminates against non-commercial speech and is, therefore, in violation of its First Amendment rights.

■ Prior to being entitled to preliminary injunctive relief, the moving party must satisfy a four-part test. The Court must conclude that: (1) the plaintiff has established a likelihood of success on the merits; (2) the plaintiff will suffer irreparable injury if the injunction is not granted; (3) the plaintiff's injury outweighs any harm which would be inflicted on the defendant in granting injunctive relief; and (4) the public interest will not be adversely affected by the granting of the injunction. *Campbell Soup Co. v. Giles,* 47 F.3d 467, 470 (1st Cir.1995). "Of all four prongs of the test for injunctive relief, the most critical is plaintiff's likelihood of

success on the merits of its case." *B.P.G. Autoland Jeep–Eagle v. Chrysler Credit,* 785 F.Supp. 222, 227 (D.Mass.1991).

In the present case, the plaintiff cannot demonstrate a likelihood of success on the merits. The Supreme Court's decision in *Metromedia, Inc. v. City of San Diego,* 453 U.S. 490, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981), and the Court of Appeals for the First Circuit's interpretation of *Metromedia* in *Ackerley Communications of Massachusetts, Inc. v. City of Somerville,* 878 F.2d 513 (1st Cir.1989), control the issue in this case and do not support the contentions made by the plaintiff. Since the plaintiff has failed to fulfill its burden, the Court hereby denies its Motion for a Preliminary Injunction.

The plaintiff contends that Section 7.18.1 is "content-based" on the ground that a sign's "content" must be determined in order to decide whether a sign is to be removed. The plaintiff, however, misconstrues the meaning of "content-based." Courts have consistently held that it is permissible to make a distinction between on-site and off-site signs without an ordinance creating a "content-based" restriction. In *Metromedia,* the Supreme Court concluded that it was permissible to favor on-site commercial signs over off-site commercial signs. Several jurisdictions have explicitly supported this conclusion: "[T]he on-premises/off-premises distinction does not constitute an impermissible regulation of content just because the determination of whether a sign is permitted at a given location is a function of the sign's message." *Wheeler v. Commissioner of Highways,* 822 F.2d 586, 591 (6th Cir.1987).

The plaintiff also contends that Section 7.18.1, read in conjunction with the State statutes, has the effect of impermissibly favoring commercial speech over non-commercial speech because only on-site non-conforming signs are permitted to remain. According to the plaintiff, on-site signs are, by definition, strictly commercial. To the contrary some non-commercial signs are located on-site. *City of Somerville,* 878 F.2d at 516 n. 6. Such on-site non-commercial signs, therefore, would be permitted to remain under Section 7.18.1. In the City of Cambridge

**14**

there exists several such on-site non-commercial signs.

Furthermore, the plaintiff misconstrues the holding in *Metromedia* in making its argument that Section 7.18.1 unlawfully favors commercial speech over non-commercial speech. In *Metromedia*, the Supreme Court did *not* hold that an ordinance, like Section 7.18.1, which permits *on-site* commercial signs to remain and requires *off-site* non-commercial signs to be removed unlawfully favors commercial speech over non-commercial speech. The Court of Appeals for the First Circuit in the *City of Somerville* specifically refused to construe *Metromedia* to stand for this proposition. The Court of Appeals interpreted *Metromedia* to mean only that, where a *specific commercial sign* is permitted (either on-site or off-site), the ordinance cannot prohibit a non-commercial sign in that same location.

> Once the city had decided that its interest in on-site commercial advertising outweighed its interests in aesthetics and traffic safety, and therefore that certain billboards should remain despite their aesthetic consequences, it could not then restrict the content of these billboards to commercial messages.

*City of Somerville,* 878 F.2d at 517.

The Cambridge Ordinances are consistent with this interpretation. Section 7.17 of Article 7.000 states that "Any sign permitted under this Article may contain, in lieu of or in addition to any other copy, any non-commercial message." If an on-site commercial sign is allowed to remain because of the "grandfather" protection that it is afforded, it is permissible to convert such sign to a non-commercial message. Section 7.18.1, therefore, does not have the effect of favoring commercial speech in violation of *Metromedia.* In brief, Section 7.18.1, in effect, distinguishes between on-site and off-site signs, which is permissible, and not between commercial and non-commercial messages.

■ There is nothing more essential to the well being of a community than its land use and the regulation of such use inheres intrinsically within the power of the local government. A federal court should be extremely reluctant to interfere with this local decision of such a fundamental nature.

For the reasons stated above, the Court concludes that the plaintiff has failed to demonstrate a likelihood of success on the merits, and therefore, denies the plaintiff's motion for injunctive relief.

**SO ORDERED.**